THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 07-00382-CG-C |
| ONE 2000 LAND ROVER DISCOVERY II, 4 WD SPORT UTILITY VEHICLE, VIN # SALTY1245YA272389 | : : | |
| Defendant. | : | |

REPORT AND RECOMMENDATION

This action was referred to the undersigned by the Clerk of Court pursuant to 28 U.S.C. § 636(b)(3)[1] and is now before the undersigned on a motion for leave to appeal *in forma pauperis* (Doc. 28), filed *pro se* by LaPhonse Akilio Tremane Young.  For the reasons stated below, it is recommended that the motion be denied.

I.  Facts and Proceedings.

The United States filed a verified complaint for forfeiture *in rem* of a 2000 Land Rover II, 4WD Sport Utility Vehicle pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) on May 29, 2007 (Doc. 1).  "Pursuant to the warrant of arrest in rem issued by the Clerk of Court on April 8, 2008, the defendant, One 2000 Land

---

[1] Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), the claimant does not have an opportunity to file objections. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998)("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."). The Clerk is therefor directed to refer this matter to the District Judge for her consideration without the necessity of a waiting period.

Rover Discovery II, 4 WD Sport Utility Vehicle, VIN # SALTY1245YA272389, was arrested and seized on May 14, 2008." (Doc. 23, at 1)

After receiving notice of the forfeiture action, the Claimant, LaPhonse Akilio Tremane Young, filed a verified claim to the vehicle on May 28, 2008 (Doc. 11).  His claim was stricken, however, because he failed to comply with Supplemental Rule G(5)(b)[2] when he neglected to file an answer or motion in response to the complaint. (Order, Doc. 17)  On October 17, 2008, Plaintiff filed a motion for leave to appeal *in forma pauperis.* (Doc. 28) His Notice of Appeal informs that he is appealing the decision to strike his claim entered on July 21, 2008.  (Doc. 25)

II. Authorities.

28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24 govern the determination of applications to proceed with an appeal *in forma pauperis*.  See Ex parte Chayoon, 2007 WL 1099088, *2 (M.D. Fla. 2007) (citing Brown v. Pena, 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), *aff'd,* 589 F.2d 1113 (5th Cir. 1979)).[3] Section 1915(a) provides, in relevant part:

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, *or appeal therein*, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of

---

[2]   Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

[3]   In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

> all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) *An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.*

28 U.S.C. § 1915(a) (emphasis added).

Rule 24(a) of the Federal Rules of Appellate Procedure further provides, in relevant part:

> **(1) Motion in the District Court**.  Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>> **(A)** shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>>
>> **(B)** claims an entitlement to redress; and
>>
>> **(C)** states the issues that the party intends to present on appeal.
>
> **(2) Action on the Motion**.  If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise.  If the district court denies the motion, it must state its reasons in writing.

Fed. R. App. P. 24(a).

The test for whether an appeal is taken in good faith under § 1915(a) is whether the litigant seeks appellate review of any issue that is not frivolous.  Chayoon, 2007 WL 1099088, at *1 (citing Coppedge v. United States, 369 U.S. 438, 445 (1962)).  "[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal."

Kirklewski v. Hamilton, 2008 WL 906011, at *1 (S.D. Ohio 2008); see also Coppedge, 369 U.S. at 445.

    III.    Application.

As discussed above, on July 21, 2008, the Court granted the motion of the United States to strike Young's claim. This motion was based on clear authority found in Supplemental Rule G(8)(c)(i)(A). Claimant did not file a response to this motion and his motion to proceed on appeal without the prepayment of fees and costs fails to specifically identify a non-frivolous issue to be presented on appeal.

The undersigned has again reviewed the pleadings filed in this action and does not find that claimant complied with Supplemental Rule G(5)(b) as determined by the Court. His other filings since the striking of his claim are silent as to any reason as to why the Court's decision should be overturned.

In Young's motion for leave to appeal *in forma pauperis,* filed on October 17, 2008 (Doc. 28), he failed to state any issues that he intends to present on appeal, as required by Federal Rule of Appellate Procedure 24(a)(1)(C). Similarly, in his Notice of Appeal, Plaintiff is silent as to any specific issues he wishes to present on appeal.

Having considered the foregoing, the undersigned can perceive no legitimate, non-frivolous issue to be presented on appeal. The undersigned, therefore, recommends that the District Judge certify in writing, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not taken in good faith and that Plaintiff's motion to proceed *in forma pauperis* on appeal be denied.

**DONE** this 22nd day of October, 2008.

    s/WILLIAM E. CASSADY
    **UNITED STATES MAGISTRATE JUDGE**